# RYAN J. MARTINEZ

## v.

# BALFOUR BEATTY COMMUNITIES, dba GMH MILITARY HOUSING MANAGEMENT, et. al.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-905-CV-201600349 | Reeb, David Peter | 08/24/2016 | CLOVIS  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | BALFOUR BEATTY COMMUNITIES, DBA GMH MILITARY HOUSING MANAGEM |
| D | Defendant | 2 | BALFOUR BEATTY MILITARY HOUSINE MANAGEMENT, LLC, DBA CANNON |
| D | Defendant | 3 | BALFOUR BEATTY COMMUNITIES, A BUSINESS ENTITY OF UNDETERMINE |
| D | Defendant | 4 | PORTER DONALD |
| P | Plaintiff | 1 | MARTINEZ RYAN J. |
|   |   | ATTORNEY: BURNS F. SHAUN |   |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 08/25/2016 | 1 | OPN: COMPLAINT |   |   |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | No Contract, Wrongful Termination |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
|   |   |   |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 11/30/2016 |   |   |   |   |   |
| 08/24/2016 | OPN: COMPLAINT | P | 1 |   |   |
|   | COMPLAINT FOR WRONGFUL TERMINATION OF EMPLOYMENT |   |   |   |   |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 08/24/2016 | Reeb, David Peter | 1 | INITIAL ASSIGNMENT |

Exhibit A

\*PLEASE BE ADVISED that CSC only sends the rejection notices to the sending party only and makes no representations regarding its effectiveness.  Customer should consult with an attorney to ensure that its legal interests are adequately represented in this matter.

| | |
|---|---|
| **Entity Name As Served:** | GMH Military Housing Management |
| **Date Served:** | 12/05/2016 |
| **Jurisdiction Served:** | NM |
| **Title of Action:** | Ryan J. Martinez vs. Balfour Beatty Communities |
| **Type of Document:** | Summons/Complaint |
| **Case/Reference No:** | D-905-CV-2016-00349 |
| **Court/Agency:** | Curry County District Court |
| **Jurisdiction Filed:** | NM |
| **Nature of Case:** | Discrimination |
| **Answer Days:** | |

**Nicole Chambers**
**Customer Service Specialist | Litigation Management**
*916 641 5100 x 62224*
*cscglobal.com*

Many of the documents CSC receives contain personally identifiable information such as Social Security numbers, medical records, and individual account numbers. We cannot attach PDF images of these documents to email inquiries regarding receipt of process on a non-exact company name. If you would like to review a copy of the document, please notify us and we will forward an abridged or redacted copy to your attention.

**2711 Centerville Road, Wilmington, DE 19808**
(888) 690-2882   |   sop@cscglobal.com

This email may contain information which is confidential and is intended only for use of the recipient/s named above. If you are not an intended recipient, you are hereby notified that any copying, distribution, disclosure, reliance upon or other use of the contents of this email is strictly prohibited. If you have received this email in error, please notify the sender and destroy it.

Exhibit B

STATE OF NEW MEXICO
COUNTY OF CURRY
NINTH JUDICIAL DISTRICT COURT

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/24/2016 9:25:11 PM
SHELLY BURGER

RYAN J. MARTINEZ,
Plaintiff,

v.

BALFOUR BEATTY COMMUNITIES,
a business entity of undetermined
organization,
dba GMH MILITARY HOUSING
MANAGEMENT,
dba BALFOUR BEATTY MILITARY
HOUSING MANAGEMENT, LLC,
dba CANNON FAMILY HOMES;
DONALD PORTER, an Individual;
UNKNOWN BUSINESS ENTITIES,
ASSOCIATIONS, and ORGANIZATIONS,
Designated As DOES 1 to 10; and
UNKNOWN INDIVIDUALS, Designated As
ROES 11 T0 20;
Defendants.

D-905-CV-2016-00349

No. D-0905-CV-2016-_____

Judge: DAVID P. REEB _____

COMPLAINT FOR WRONGFUL TERMINATION OF EMPLOYMENT

1. Plaintiff RYAN J. MARTINEZ, through attorney F. Shaun Burns of Burns Law Firm, PC,
files this Complaint regarding (1) Defendants' violations of United States employment and anti-
discrimination statutes and regulations; (2) Defendants' violations of New Mexico employment
and anti-discrimination statutes and regulations; (3) Defendants' Unlawful Termination of
Plaintiff, and (4) the other Causes of Action stated below.

JURISDICTION

2. Plaintiff formerly worked at the Defendants' business location at Cannon Air Force Base,
Clovis, NM, within this Judicial District.  The actions by Defendants described below occurred
within this Judicial District.  Thus, jurisdiction exists in this Judicial District, and venue is
appropriate in this Court.

Exhibit C

3. Upon information, Defendant BALFOUR BEATTY COMMUNITIES, and its various business names described below, has sufficient contacts with the State of New Mexico such that the New Mexico Long-Arm statutes justify the exercise of personal jurisdiction over that entity by this Court.

## PARTIES

4. Plaintiff RYAN J. MARTINEZ (hereinafter "Plaintiff") resides within this Judicial District.

5. Upon information and belief, the Defendant named as BALFOUR BEATTY COMMUNITIES, a business entity of undetermined organization, dba GMH MILITARY HOUSING MANAGEMENT, dba BALFOUR BEATTY MILITARY HOUSING MANAGEMENT, LLC, dba CANNON FAMILY HOMES (collectively hereinafter referred to as "BALFOUR") is, and at all times referenced in this Complaint was, an Entity or Association of Undetermined Organization which was and is doing business within the State of New Mexico, and within this Judicial District.

6. Upon information and belief, the Defendant named as DONALD PORTER (hereinafter "PORTER") is, and at all times referenced in this Complaint was, an Individual residing and working in a supervisory position for BALFOUR within this Judicial District. Upon information and belief, all of the actions, failures to act, and other circumstances involving PORTER were taken by PORTER within the authorized, actual, implied, apparent, or other scope of his employment with BALFOUR.

7. Defendants named as UNKNOWN BUSINESS ENTITIES, ASSOCIATIONS, and ORGANIZATIONS, Designated As DOES 1 to 10 are business entities, associations, and organizations whose names and organization statuses are unknown to Plaintiff, but upon information and belief are the parent, subsidiary, or otherwise financially related to the other Defendants and thus are factually and legally responsible for all of the actions described herein. Plaintiff will amend this Complaint when the names of such entities become known. Defendants named as UNKNOWN INDIVIDUALS designated as ROES 11 to 20 are individuals who were and are other shareholders, directors, officers, and otherwise own and/or control the assets and activities of the other Defendants, and were and are supervisory and/or management employees of the other Defendants, and were and are authorized and/or apparent other agents and representatives of the other Defendants, and thus are factually and legally responsible for all of the actions described herein. Plaintiff will amend this Complaint when the names of such individuals become known.

## PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a Complaint with the US Equal Opportunity Commission (hereinafter "EEOC") regarding Defendants' violations of various United States and New Mexico statutes and regulations. Since New Mexico is a "dual-filing" state, the filing of a Complaint with the EEOC also constituted filing a Complaint with the New Mexico Human Rights Bureau for purposes of exhausting administrative remedies.

Exhibit C

9.  The EEOC issued a "Notice of Right to Sue" (hereinafter "EEOC Notice") to Plaintiff regarding his Complaint and his Charge of Discrimination.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

10.  Plaintiff was hired on May 26, 2014 by BALFOUR at the local location of 401 James F. Boatwright Drive, Cannon Air Force Base, NM 88103, under the supervision of the national office of BALFOUR located at 1 Country View Road, Malvern, PA 19355 (collectively "BALFOUR").

11.  Plaintiff's supervisor at BALFOUR was Donald Porter. Mr. Porter is Caucasian. Plaintiff is of the Hispanic race, and is of Spanish/Mexican national origin.

12.  Mr. Porter frequently referred to the Hispanic workers at BALFOUR as "You People" in a derogatory and discriminatory manner, and complained that "You People" did not have the same work ethic and intelligence as Caucasians. In addition, Mr. Porter assigned Hispanic workers at BALFOUR, including Plaintiff, to less desirable duties than Caucasian workers. Plaintiff reasonably interpreted Mr. Porter's statements and action to reflect the management principles of BALFOUR as being derogatory and discriminatory to Hispanic persons.

13.  Plaintiff complained to Mr. Porter about his derogatory and discriminatory statements and actions regarding the Race and National Origin of Plaintiff and other Hispanic workers at BALFOUR. However, Plaintiff was in fear of complaining too much to Mr. Porter, because Mr. Porter actively discouraged complaints about the work atmosphere at BALFOUR by repeatedly threatening the workers at BALFOUR, including Plaintiff, about the stability of their jobs. In particular, but without limitation, at their morning meetings, Mr. Porter repeatedly threatened the workers at BALFOUR that any one of them could be "in the unemployment lines" the next day if they complained about his methods of supervision. Despite Plaintiff's complaints, the derogatory and discriminatory statements and actions by Mr. Porter described above continued.

14.  Plaintiff was injured while working for BALFOUR (hereinafter "Plaintiff's First Injury"). Plaintiff's doctor placed Plaintiff on medical leave, and restricted Plaintiff from going back to work until Plaintiff was healed sufficiently. Plaintiff submitted all of the necessary paperwork to BALFOUR and to its insurance company regarding his injury.

15.  Plaintiff's First Injury while working at BALFOUR constituted a "Disability" under the terms of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq. (hereinafter the "ADA").

16.  Plaintiff told his supervisor, Donald Porter, that Plaintiff's doctor had placed Plaintiff on medical leave, and that Plaintiff's doctor had restricted Plaintiff from going back to work until Plaintiff was healed sufficiently. However, despite having that information, Mr. Porter insisted that Plaintiff return to work before Plaintiff's doctor had released Plaintiff from those restrictions.

Exhibit C

17.  Under that pressure from Mr. Porter and BALFOUR, Plaintiff did return to work at BALFOUR, and Plaintiff was injured again at work (hereinafter "Plaintiff's Second Injury").

18.  Plaintiff's Second Injury while working at BALFOUR constituted a "Disability" under the terms of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq. (hereinafter the "ADA").

19.  When Plaintiff complained to Mr. Porter about being forced to return to work, and being injured again, Mr. Porter and BALFOUR retaliated against Plaintiff by firing Plaintiff.  Mr. Porter and BALFOUR also fired Plaintiff based on his Spanish/Mexican race and his Spanish/Mexican National Origin.  Plaintiff was fired on March 13, 2015.

## FIRST CAUSE OF ACTION
(Unlawful Discrimination Against Plaintiff Based on Race and National Origin, in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq.)
(Against All Defendants)

20.  Plaintiff incorporates paragraphs 1 to 19 above.

21.  Defendants' actions described above constitute unlawful discrimination against Plaintiff based on his Race and National Origin,  in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq. (hereinafter "Title VII").

22.  Based on all the circumstances described above, all Defendants committed, or knew about, or should have known about, and did stop, the discrimination against Plaintiff based on his Race and National Origin, in violation of Title VII.

23.  On information and belief, Defendants' real motive in firing Plaintiff was to discriminate against Plaintiff based on his race and national origin.

24.  Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

25.  Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate Title VII, and/or (c) were taken with reckless disregard as to creating violations of Title VII, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under Title VII against each Defendant jointly and severally, under Title VII.

Exhibit C

SECOND CAUSE OF ACTION
(Unlawful Discrimination Against Plaintiff Based on Race and National Origin,
in Violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq.)
(Against All Defendants)

26.  Plaintiff incorporates by reference paragraphs 1 to 19 above.

27.  Based on all the circumstances described above, Defendants discriminated against Plaintiff based on his Race and National Origin, in violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq. ("NMHRA").

22.  Based on all the circumstances described above, all Defendants committed, or knew about, or should have known about, and did stop, the discrimination against Plaintiff based on his Race and National Origin, in violation of Title VII.

23.  On information and belief, Defendants' real motive in firing Plaintiff was to discriminate against Plaintiff based on his Race and National Origin.

28.  Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

29.  Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

THIRD CAUSE OF ACTION
(Unlawful Retaliation against Plaintiff for His Complaints about Discrimination based on Race
and National Origin, in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42
USC 2000e, et seq.)
(Against All Defendants)

30.  Plaintiff incorporates by reference paragraphs 1 to 19 above.

31.  Defendants' actions described above constitute retaliation against Plaintiff for his complaints about unlawful discrimination against Plaintiff based on his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq. (hereinafter "Title VII").

Exhibit C

32. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, and (d) reimbursement for his attorney fees and costs.

33. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the ADA, and/or (c) were taken with reckless disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

FOURTH CAUSE OF ACTION
(Unlawful Retaliation Against Plaintiff for His Complaints about Discrimination based on Race and National Origin, in Violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq.)
(Against All Defendants)

34. Plaintiff incorporates paragraphs 1 to 19 above.

35. Defendants' actions described above constitute retaliation against Plaintiff because of his complaints about unlawful discrimination, in violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq. ("NMHRA").

36. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for her attorney fees and costs.

37. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages against each Defendant jointly and severally.

FIFTH CAUSE OF ACTION
(Unlawful Discrimination in Violation of the
Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq.)
(Against All Defendants)

38. Plaintiff incorporates by reference paragraphs 1 to 19 above.

Exhibit C

39. At all times referenced in this Complaint, BALFOUR employed more than 15 individuals. Thus, BALFOUR was a "Covered Entity" under the terms of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq. (hereinafter the "ADA").

40. At all times referenced in this Complaint, Plaintiff was a "Qualified Individual with a Disability" under the terms of the ADA, and under any other legal definition.

47. Plaintiff's First Injury while working at BALFOUR, and Plaintiff's Second Injury while working at BALFOUR, each constituted a "Disability" under the terms of the ADA.

41. Despite being injured while working at BALFOUR, Plaintiff remained able to perform the "Essential Functions" of his employment, under the terms of the ADA, if BALFOUR had provided "Reasonable Accommodations" to Plaintiff, under the terms of the ADA.

42. BALFOUR failed to provide "Reasonable Accommodations" to Plaintiff, under the terms of the ADA, and under any other legal definition.

43. Based on all the circumstances described above, Defendants discriminated against Plaintiff based on his Disabilities, in violation of the ADA.

44. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to her former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, and (d) reimbursement for his attorney fees and costs.

45. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the ADA, and/or (c) were taken with reckless disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

SIXTH CAUSE OF ACTION
(Unlawful Discrimination based on Plaintiff's Disabilities, in Violation of the
New Mexico Human Rights Act, 28-1-1 NMSA, et seq.)
(Against All Defendants)

53. Plaintiff incorporates by reference paragraphs 1 to 19, and 39 to 45, above.

54. Based on all the circumstances described above, Defendants discriminated against Plaintiff based on his Disabilities, in violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq. ("NMHRA").

55. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all

Exhibit C

retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

56.  Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

SEVENTH CAUSE OF ACTION
(Unlawful Retaliation against Plaintiff for His Complaints about Discrimination based on his Disabilities, in Violation of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq.)
(Against All Defendants)

57.  Plaintiff incorporates by reference paragraphs 1 to 19, and 39 to 45, above.

58.  At all times referenced in this Complaint, BALFOUR employed more than 15 individuals.  Thus, BALFOUR was a "Covered Entity" under the terms of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq. (hereinafter the "ADA").

59.  At all times referenced in this Complaint, Plaintiff was a "Qualified Individual with a Disability" under the terms of the ADA.

60.  Plaintiff's First Injury while working at BALFOUR, and Plaintiff's Second Injury while working at BALFOUR, each constituted a "Disability" under the terms of the ADA.

61.  Despite being injured while working at BALFOUR, Plaintiff remained able to perform the "Essential Functions" of his employment, under the terms of the ADA, if BALFOUR had provided "Reasonable Accommodations" to Plaintiff, under the terms of the ADA.

62.  BALFOUR failed to provide "Reasonable Accommodations" to Plaintiff, under the terms of the ADA.

63.  When Plaintiff complained to Mr. Porter about being forced to return to work, and being injured again, Mr. Porter and BALFOUR retaliated against Plaintiff by firing Plaintiff, in violation of the ADA.

64.  Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, and (d) reimbursement for his attorney fees and costs.

Exhibit C

65. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the ADA, and/or (c) were taken with reckless disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

EIGHTH CAUSE OF ACTION
(Unlawful Retaliation Against Plaintiff for His Complaints about Discrimination based on his Disabilities, in Violation of the
New Mexico Human Rights Act, 28-1-1 NMSA, et seq.)
(Against All Defendants)

66. Plaintiff incorporates paragraphs 1 to 19, and 54 to 56, above.

67. Defendants' actions described above constitute retaliation against Plaintiff because of his complaints about unlawful discrimination, in violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq. ("NMHRA").

68. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for her attorney fees and costs.

69. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages against each Defendant jointly and severally.

NINTH CAUSE OF ACTION
(Breach of Express and/or Written Employment Contract)
(Against All Defendants)

70. Plaintiff incorporates by reference paragraphs 1 to 19 above.

71. Plaintiff worked for Defendants for ten months. During that time, Plaintiff received exemplary performance evaluations.

72. Based on Plaintiff's exemplary work performance evaluations and compliments he received from Defendants about his work performance, and based on employment manuals, personnel manuals, and other written materials distributed by Defendants to Plaintiff, an express

Exhibit C

and/or written employment contract existed in which Defendants agreed that Plaintiff would not be terminated without good cause.

73.   The actions of Defendants described herein breached that express and/or written employment contract in which Defendants agreed that Plaintiff would not be terminated without good cause.

74.   Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

TENTH CAUSE OF ACTION
(Breach of Implied and/or Oral Employment Contract)
(Against All Defendants)

75.   Plaintiff incorporates paragraphs 1 to 19 above.

76.   Plaintiff worked for Defendants for over ten months.  During that time, Plaintiff received exemplary performance evaluations.

77.   Based on statements to Plaintiff by Defendants, and based on Plaintiff's exemplary work performance evaluations and compliments he received from Defendants about his work performance, an implied and/or oral employment contract existed in which Defendants agreed that Plaintiff would not be terminated without good cause.

78.   The actions of Defendants described herein breached that implied and/or oral employment contract in which Defendants agreed that Plaintiff would not be terminated without good cause.

79.   Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

ELEVENTH CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing Resulting in
Unlawful Termination of Plaintiff)
(Against All Defendants)

80.   Plaintiff incorporates paragraphs 1 to 19 above.

Exhibit C

81. Defendants had a Duty of Good Faith and Fair Dealing not to terminate Plaintiff without good cause.

82. Defendants breached that Duty of Good Faith and Fair Dealing by terminating Plaintiff because of his Race and National Origin, and because of his Disabilities, and in retaliation for his complaints about unlawful actions, described above.

83. In addition, Defendants failed to follow their own procedures, and failed to exercise reasonable management procedures, by failing or refusing to investigate Plaintiff's complaints, and by failing and refusing to consider Plaintiff's description of the circumstances.

84. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

85. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the Covenant of Good Faith and Fair Dealing, and/or (c) were taken with reckless disregard as to creating violations of the Covenant of Good Faith and Fair Dealing, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages against each Defendant jointly and severally.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff is entitled to Judgment as follows:

1. On the First Cause of Action, against each Defendant jointly and severally:

(A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

(B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

(C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate Title VII, and/or (c) were taken with reckless disregard as to creating violations of Title VII, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under Title VII against each Defendant jointly and severally.

Exhibit C

2. On the Second Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

3. On the Fourth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions constituted unlawful retaliation under Title VII, and/or (c) were taken with reckless disregard as to creating violations of Title VII, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under Title VII against each Defendant jointly and severally.

4. On the Fourth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is

Exhibit C

entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

5. On the Fifth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the ADA, and/or (c) were taken with reckless disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

6. On the Sixth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

7. On the Seventh Cause of Action, against each Defendant jointly and severally:

   (B) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions constituted unlawful retaliation under the ADA, and/or (c) were taken with reckless

Exhibit C

disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

8.  On the Eighth Cause of Action, against each Defendant jointly and severally:

   (B) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

9.  On the Ninth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

10.  On the Tenth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

11.  On the Eleventh Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for her attorney fees and costs.

Exhibit C

(B) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the Covenant of Good Faith and Fair Dealing, and/or (c) were taken with reckless disregard as to violating the Covenant of Good Faith and Fair Dealing, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages against each Defendant jointly and severally.

12.  On all Causes of Action, against each individual Defendant jointly and severally:

(A) Reimbursement for Plaintiff's attorney fees and costs; and

(B) Such other relief as this Court determines to be appropriate.

BURNS LAW FIRM, PC
420 Mitchell Street, PO Box 488
Clovis, NM 88101 (575) 769-0777

By: /s/ [signed and submitted electronically]
    F. Shaun Burns
    Attorney for Plaintiff

Exhibit C

**STATE OF NEW MEXICO**
**COUNTY OF CURRY**
**NINTH JUDICIAL DISTRICT**

**RYAN J. MARTINEZ,**
**Plaintiff,**

No. D-0905-CV-2016-00349

**v.**

Judge:  David P. Reeb

**BALFOUR BEATTY COMMUNITIES,**
**a business entity of undetermined**
**organization,**
**dba GMH MILITARY HOUSING**
**MANAGEMENT,**
**dba BALFOUR BEATTY MILITARY**
**HOUSING MANAGEMENT, LLC,**
**dba CANNON FAMILY HOMES;**
**DONALD PORTER, an Individual;**
**UNKNOWN BUSINESS ENTITIES,**
**ASSOCIATIONS, and ORGANIZATIONS,**
**Designated As DOES 1 to 10; and**
**UNKNOWN INDIVIDUALS, Designated As**
**ROES 11 T0 20;**
**Defendants.**

## SUMMONS

To:  Defendant BALFOUR BEATTY MILITARY HOUSING MANAGEMENT, LLC

  1.  A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

  2.  You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons, at the office of the District Court Clerk, Curry County Courthouse, 700 Main Street, Street, Clovis, NM 88101.

  3.  You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person or attorney who signed the lawsuit, whose name and address are listed below.

  4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

Page 1 of 2

Exhibit D

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org or by telephone at 1-800-876-6227 or 1-505-797-6066.

Dated at Clovis, NM, this **30** day of November ~~2015~~. 2016

District Court Clerk
Shelley Burger

Presented By:
Burns Law Firm, PC
420 Mitchell Street, PO Box 488
Clovis, NM 88101
(575) 769-0777 (phone)
(858) 751-0626 (facsimile)
Email: shaunburns43@cs.com
Attorney for Plaintiff

By: /s/ Annie Hogland
Deputy Clerk

**Ninth Judicial District Court**



**Curry County, NM**

Page 2 of 2

Exhibit D

CERTIFIED MAIL

7015 1660 0001 0198 4777

  

U.S. POSTAGE
PAID
CLOVIS, NM
88101
DEC 01 16
AMOUNT
**$6.00**
R2304N118478-09

  

U.S. POSTAGE
PAID
CLOVIS, NM
88101
DEC 01 16
AMOUNT
**$6.45**
R2304N118478-09

★ **MAIL** ★

📅 DATE OF DELIVERY SPECIFIED*

📶 USPS TRACKING™ INCLUDED*

💲 INSURANCE INCLUDED*

🚚 PICKUP AVAILABLE

    * Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

FROM: Shaun Burns
Burns Law Firm, PC
PO Box 408
Clovis, NM 88101

TO:

To: Balfour Beatty Communities
GMH Military Housing Management
Balfour Beatty Military Housing
Management
Cannon Family Homes, and
Donald Porter
c/o Corporation Services
Suite 101
123 E. Marcy Street
Santa Fe, NM 87501

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**UNITED STATES POSTAL SERVICE®**

Jly 2013
x 9.5

Exhibit D

STATE OF NEW MEXICO
COUNTY OF CURRY
NINTH JUDICIAL DISTRICT COURT

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/24/2016 9:25:11 PM
SHELLY BURGER

RYAN J. MARTINEZ,
Plaintiff,

D-905-CV-2016-00349

No. D-0905-CV-2016-_____

v.

Judge: DAVID P. REEB _____

BALFOUR BEATTY COMMUNITIES,
a business entity of undetermined
organization,
dba GMH MILITARY HOUSING
MANAGEMENT,
dba BALFOUR BEATTY MILITARY
HOUSING MANAGEMENT, LLC,
dba CANNON FAMILY HOMES;
DONALD PORTER, an Individual;
UNKNOWN BUSINESS ENTITIES,
ASSOCIATIONS, and ORGANIZATIONS,
Designated As DOES 1 to 10; and
UNKNOWN INDIVIDUALS, Designated As
ROES 11 TO 20;
Defendants.

## COMPLAINT FOR WRONGFUL TERMINATION OF EMPLOYMENT

1. Plaintiff RYAN J. MARTINEZ, through attorney F. Shaun Burns of Burns Law Firm, PC, files this Complaint regarding (1) Defendants' violations of United States employment and anti-discrimination statutes and regulations; (2) Defendants' violations of New Mexico employment and anti-discrimination statutes and regulations; (3) Defendants' Unlawful Termination of Plaintiff, and (4) the other Causes of Action stated below.

## JURISDICTION

2. Plaintiff formerly worked at the Defendants' business location at Cannon Air Force Base, Clovis, NM, within this Judicial District. The actions by Defendants described below occurred within this Judicial District. Thus, jurisdiction exists in this Judicial District, and venue is appropriate in this Court.

Exhibit D

3. Upon information, Defendant BALFOUR BEATTY COMMUNITIES, and its various business names described below, has sufficient contacts with the State of New Mexico such that the New Mexico Long-Arm statutes justify the exercise of personal jurisdiction over that entity by this Court.

## PARTIES

4. Plaintiff RYAN J. MARTINEZ (hereinafter "Plaintiff") resides within this Judicial District.

5. Upon information and belief, the Defendant named as BALFOUR BEATTY COMMUNITIES, a business entity of undetermined organization, dba GMH MILITARY HOUSING MANAGEMENT, dba BALFOUR BEATTY MILITARY HOUSING MANAGEMENT, LLC, dba CANNON FAMILY HOMES (collectively hereinafter referred to as "BALFOUR") is, and at all times referenced in this Complaint was, an Entity or Association of Undetermined Organization which was and is doing business within the State of New Mexico, and within this Judicial District.

6. Upon information and belief, the Defendant named as DONALD PORTER (hereinafter "PORTER") is, and at all times referenced in this Complaint was, an Individual residing and working in a supervisory position for BALFOUR within this Judicial District. Upon information and belief, all of the actions, failures to act, and other circumstances involving PORTER were taken by PORTER within the authorized, actual, implied, apparent, or other scope of his employment with BALFOUR.

7. Defendants named as UNKNOWN BUSINESS ENTITIES, ASSOCIATIONS, and ORGANIZATIONS, Designated As DOES 1 to 10 are business entities, associations, and organizations whose names and organization statuses are unknown to Plaintiff, but upon information and belief are the parent, subsidiary, or otherwise financially related to the other Defendants and thus are factually and legally responsible for all of the actions described herein. Plaintiff will amend this Complaint when the names of such entities become known. Defendants named as UNKNOWN INDIVIDUALS designated as ROES 11 to 20 are individuals who were and are other shareholders, directors, officers, and otherwise own and/or control the assets and activities of the other Defendants, and were and are supervisory and/or management employees of the other Defendants, and were and are authorized and/or apparent other agents and representatives of the other Defendants, and thus are factually and legally responsible for all of the actions described herein. Plaintiff will amend this Complaint when the names of such individuals become known.

## PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a Complaint with the US Equal Opportunity Commission (hereinafter "EEOC") regarding Defendants' violations of various United States and New Mexico statutes and regulations. Since New Mexico is a "dual-filing" state, the filing of a Complaint with the EEOC also constituted filing a Complaint with the New Mexico Human Rights Bureau for purposes of exhausting administrative remedies.

Exhibit D

9.  The EEOC issued a "Notice of Right to Sue" (hereinafter "EEOC Notice") to Plaintiff regarding his Complaint and his Charge of Discrimination.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

10.  Plaintiff was hired on May 26, 2014 by BALFOUR at the local location of 401 James F. Boatwright Drive, Cannon Air Force Base, NM 88103, under the supervision of the national office of BALFOUR located at 1 Country View Road, Malvern, PA 19355 (collectively "BALFOUR").

11.  Plaintiff's supervisor at BALFOUR was Donald Porter.  Mr. Porter is Caucasian. Plaintiff is of the Hispanic race, and is of Spanish/Mexican national origin.

12.  Mr. Porter frequently referred to the Hispanic workers at BALFOUR as "You People" in a derogatory and discriminatory manner, and complained that "You People" did not have the same work ethic and intelligence as Caucasians.  In addition, Mr. Porter assigned Hispanic workers at BALFOUR, including Plaintiff, to less desirable duties than Caucasian workers. Plaintiff reasonably interpreted Mr. Porter's statements and action to reflect the management principles of BALFOUR as being derogatory and discriminatory to Hispanic persons.

13.  Plaintiff complained to Mr. Porter about his derogatory and discriminatory statements and actions regarding the Race and National Origin of Plaintiff and other Hispanic workers at BALFOUR.  However, Plaintiff was in fear of complaining too much to Mr. Porter, because Mr. Porter actively discouraged complaints about the work atmosphere at BALFOUR by repeatedly threatening the workers at BALFOUR, including Plaintiff, about the stability of their jobs.  In particular, but without limitation, at their morning meetings, Mr. Porter repeatedly threatened the workers at BALFOUR that any one of them could be "in the unemployment lines" the next day if they complained about his methods of supervision.  Despite Plaintiff's complaints, the derogatory and discriminatory statements and actions by Mr. Porter described above continued.

14.  Plaintiff was injured while working for BALFOUR (hereinafter "Plaintiff's First Injury"). Plaintiff's doctor placed Plaintiff on medical leave, and restricted Plaintiff from going back to work until Plaintiff was healed sufficiently.  Plaintiff submitted all of the necessary paperwork to BALFOUR and to its insurance company regarding his injury.

15.  Plaintiff's First Injury while working at BALFOUR constituted a "Disability" under the terms of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq. (hereinafter the "ADA").

16.  Plaintiff told his supervisor, Donald Porter, that Plaintiff's doctor had placed Plaintiff on medical leave, and that Plaintiff's doctor had restricted Plaintiff from going back to work until Plaintiff was healed sufficiently.  However, despite having that information, Mr. Porter insisted that Plaintiff return to work before Plaintiff's doctor had released Plaintiff from those restrictions.

17.  Under that pressure from Mr. Porter and BALFOUR, Plaintiff did return to work at BALFOUR, and Plaintiff was injured again at work (hereinafter "Plaintiff's Second Injury").

18.  Plaintiff's Second Injury while working at BALFOUR constituted a "Disability" under the terms of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq. (hereinafter the "ADA").

19.  When Plaintiff complained to Mr. Porter about being forced to return to work, and being injured again, Mr. Porter and BALFOUR retaliated against Plaintiff by firing Plaintiff.  Mr. Porter and BALFOUR also fired Plaintiff based on his Spanish/Mexican race and his Spanish/Mexican National Origin.  Plaintiff was fired on March 13, 2015.

## FIRST CAUSE OF ACTION
(Unlawful Discrimination Against Plaintiff Based on Race and National Origin, in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq.)
(Against All Defendants)

20.  Plaintiff incorporates paragraphs 1 to 19 above.

21.  Defendants' actions described above constitute unlawful discrimination against Plaintiff based on his Race and National Origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq. (hereinafter "Title VII").

22.  Based on all the circumstances described above, all Defendants committed, or knew about, or should have known about, and did stop, the discrimination against Plaintiff based on his Race and National Origin, in violation of Title VII.

23.  On information and belief, Defendants' real motive in firing Plaintiff was to discriminate against Plaintiff based on his race and national origin.

24.  Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

25.  Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate Title VII, and/or (c) were taken with reckless disregard as to creating violations of Title VII, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under Title VII against each Defendant jointly and severally, under Title VII.

Exhibit D

## SECOND CAUSE OF ACTION
(Unlawful Discrimination Against Plaintiff Based on Race and National Origin,
in Violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq.)
(Against All Defendants)

26.  Plaintiff incorporates by reference paragraphs 1 to 19 above.

27.  Based on all the circumstances described above, Defendants discriminated against Plaintiff based on his Race and National Origin, in violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq. ("NMHRA").

22.  Based on all the circumstances described above, all Defendants committed, or knew about, or should have known about, and did stop, the discrimination against Plaintiff based on his Race and National Origin, in violation of Title VII.

23.  On information and belief, Defendants' real motive in firing Plaintiff was to discriminate against Plaintiff based on his Race and National Origin.

28.  Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

29.  Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

## THIRD CAUSE OF ACTION
(Unlawful Retaliation against Plaintiff for His Complaints about Discrimination based on Race and National Origin, in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq.)
(Against All Defendants)

30.  Plaintiff incorporates by reference paragraphs 1 to 19 above.

31.  Defendants' actions described above constitute retaliation against Plaintiff for his complaints about unlawful discrimination against Plaintiff based on his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e, et seq. (hereinafter "Title VII").

Exhibit D

32. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, and (d) reimbursement for his attorney fees and costs.

33. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the ADA, and/or (c) were taken with reckless disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

### FOURTH CAUSE OF ACTION
(Unlawful Retaliation Against Plaintiff for His Complaints about Discrimination based on Race and National Origin, in Violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq.)
(Against All Defendants)

34. Plaintiff incorporates paragraphs 1 to 19 above.

35. Defendants' actions described above constitute retaliation against Plaintiff because of his complaints about unlawful discrimination, in violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq. ("NMHRA").

36. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for her attorney fees and costs.

37. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages against each Defendant jointly and severally.

### FIFTH CAUSE OF ACTION
(Unlawful Discrimination in Violation of the
Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq.)
(Against All Defendants)

38. Plaintiff incorporates by reference paragraphs 1 to 19 above.

Exhibit D

39. At all times referenced in this Complaint, BALFOUR employed more than 15 individuals. Thus, BALFOUR was a "Covered Entity" under the terms of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq. (hereinafter the "ADA").

40. At all times referenced in this Complaint, Plaintiff was a "Qualified Individual with a Disability" under the terms of the ADA, and under any other legal definition.

47. Plaintiff's First Injury while working at BALFOUR, and Plaintiff's Second Injury while working at BALFOUR, each constituted a "Disability" under the terms of the ADA.

41. Despite being injured while working at BALFOUR, Plaintiff remained able to perform the "Essential Functions" of his employment, under the terms of the ADA, if BALFOUR had provided "Reasonable Accommodations" to Plaintiff, under the terms of the ADA.

42. BALFOUR failed to provide "Reasonable Accommodations" to Plaintiff, under the terms of the ADA, and under any other legal definition.

43. Based on all the circumstances described above, Defendants discriminated against Plaintiff based on his Disabilities, in violation of the ADA.

44. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to her former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, and (d) reimbursement for his attorney fees and costs.

45. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the ADA, and/or (c) were taken with reckless disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

### SIXTH CAUSE OF ACTION
(Unlawful Discrimination based on Plaintiff's Disabilities, in Violation of the
New Mexico Human Rights Act, 28-1-1 NMSA, et seq.)
(Against All Defendants)

53. Plaintiff incorporates by reference paragraphs 1 to 19, and 39 to 45, above.

54. Based on all the circumstances described above, Defendants discriminated against Plaintiff based on his Disabilities, in violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq. ("NMHRA").

55. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all

retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

56. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

## SEVENTH CAUSE OF ACTION
(Unlawful Retaliation against Plaintiff for His Complaints about Discrimination based on his Disabilities, in Violation of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq.)
(Against All Defendants)

57. Plaintiff incorporates by reference paragraphs 1 to 19, and 39 to 45, above.

58. At all times referenced in this Complaint, BALFOUR employed more than 15 individuals. Thus, BALFOUR was a "Covered Entity" under the terms of the Americans With Disabilities Act of 1990, as amended, 42 USC 12101 et seq. (hereinafter the "ADA").

59. At all times referenced in this Complaint, Plaintiff was a "Qualified Individual with a Disability" under the terms of the ADA.

60. Plaintiff's First Injury while working at BALFOUR, and Plaintiff's Second Injury while working at BALFOUR, each constituted a "Disability" under the terms of the ADA.

61. Despite being injured while working at BALFOUR, Plaintiff remained able to perform the "Essential Functions" of his employment, under the terms of the ADA, if BALFOUR had provided "Reasonable Accommodations" to Plaintiff, under the terms of the ADA.

62. BALFOUR failed to provide "Reasonable Accommodations" to Plaintiff, under the terms of the ADA.

63. When Plaintiff complained to Mr. Porter about being forced to return to work, and being injured again, Mr. Porter and BALFOUR retaliated against Plaintiff by firing Plaintiff, in violation of the ADA.

64. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, and (d) reimbursement for his attorney fees and costs.

Exhibit D

65. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the ADA, and/or (c) were taken with reckless disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

EIGHTH CAUSE OF ACTION
(Unlawful Retaliation Against Plaintiff for His Complaints about Discrimination based on his Disabilities, in Violation of the
New Mexico Human Rights Act, 28-1-1 NMSA, et seq.)
(Against All Defendants)

66. Plaintiff incorporates paragraphs 1 to 19, and 54 to 56, above.

67. Defendants' actions described above constitute retaliation against Plaintiff because of his complaints about unlawful discrimination, in violation of the New Mexico Human Rights Act, 28-1-1 NMSA, et seq. ("NMHRA").

68. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for her attorney fees and costs.

69. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages against each Defendant jointly and severally.

NINTH CAUSE OF ACTION
(Breach of Express and/or Written Employment Contract)
(Against All Defendants)

70. Plaintiff incorporates by reference paragraphs 1 to 19 above.

71. Plaintiff worked for Defendants for ten months. During that time, Plaintiff received exemplary performance evaluations.

72. Based on Plaintiff's exemplary work performance evaluations and compliments he received from Defendants about his work performance, and based on employment manuals, personnel manuals, and other written materials distributed by Defendants to Plaintiff, an express

and/or written employment contract existed in which Defendants agreed that Plaintiff would not be terminated without good cause.

73. The actions of Defendants described herein breached that express and/or written employment contract in which Defendants agreed that Plaintiff would not be terminated without good cause.

74. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

TENTH CAUSE OF ACTION
(Breach of Implied and/or Oral Employment Contract)
(Against All Defendants)

75. Plaintiff incorporates paragraphs 1 to 19 above.

76. Plaintiff worked for Defendants for over ten months. During that time, Plaintiff received exemplary performance evaluations.

77. Based on statements to Plaintiff by Defendants, and based on Plaintiff's exemplary work performance evaluations and compliments he received from Defendants about his work performance, an implied and/or oral employment contract existed in which Defendants agreed that Plaintiff would not be terminated without good cause.

78. The actions of Defendants described herein breached that implied and/or oral employment contract in which Defendants agreed that Plaintiff would not be terminated without good cause.

79. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

ELEVENTH CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing Resulting in
Unlawful Termination of Plaintiff)
(Against All Defendants)

80. Plaintiff incorporates paragraphs 1 to 19 above.

81. Defendants had a Duty of Good Faith and Fair Dealing not to terminate Plaintiff without good cause.

82. Defendants breached that Duty of Good Faith and Fair Dealing by terminating Plaintiff because of his Race and National Origin, and because of his Disabilities, and in retaliation for his complaints about unlawful actions, described above.

83. In addition, Defendants failed to follow their own procedures, and failed to exercise reasonable management procedures, by failing or refusing to investigate Plaintiff's complaints, and by failing and refusing to consider Plaintiff's description of the circumstances.

84. Based on the foregoing, Plaintiff is entitled to judgment against each Defendant jointly and severally, for (1) reinstatement to his former employment position and pay grade, with all retroactive and future employment benefits; and (2) damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

85. Upon information and belief, the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the Covenant of Good Faith and Fair Dealing, and/or (c) were taken with reckless disregard as to creating violations of the Covenant of Good Faith and Fair Dealing, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages against each Defendant jointly and severally.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff is entitled to Judgment as follows:

1. On the First Cause of Action, against each Defendant jointly and severally:

(A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

(B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

(C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate Title VII, and/or (c) were taken with reckless disregard as to creating violations of Title VII, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under Title VII against each Defendant jointly and severally.

Exhibit D

2. On the Second Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

3. On the Fourth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions constituted unlawful retaliation under Title VII, and/or (c) were taken with reckless disregard as to creating violations of Title VII, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under Title VII against each Defendant jointly and severally.

4. On the Fourth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is

entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

5. On the Fifth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the ADA, and/or (c) were taken with reckless disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

6. On the Sixth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

7. On the Seventh Cause of Action, against each Defendant jointly and severally:

   (B) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions constituted unlawful retaliation under the ADA, and/or (c) were taken with reckless

Exhibit D

disregard as to creating violations of the ADA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the ADA against each Defendant jointly and severally.

8. On the Eighth Cause of Action, against each Defendant jointly and severally:

   (B) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

   (C) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the NMHRA, and/or (c) were taken with reckless disregard as to creating violations of the NMHRA, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages under the NMHRA against each Defendant jointly and severally.

9. On the Ninth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

10. On the Tenth Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for his attorney fees and costs.

11. On the Eleventh Cause of Action, against each Defendant jointly and severally:

   (A) Reinstatement to Plaintiff's former employment position and pay grade, with all retroactive and future employment benefits;

   (B) Damages in an amount in excess of $300,000 including without limitation (a) past or back wages, (b) future or front wages, (c) lost employment benefits, (d) emotional pain and suffering; and (e) reimbursement for her attorney fees and costs.

Exhibit D

(B) Findings that the actions and failures to act by Defendants and their owners, agents, and employees (a) were intentional, and/or (b) were taken with knowledge of the fact that those actions would violate the Covenant of Good Faith and Fair Dealing, and/or (c) were taken with reckless disregard as to violating the Covenant of Good Faith and Fair Dealing, and/or (d) were grossly negligent, and therefore Plaintiff also is entitled to judgment for punitive damages against each Defendant jointly and severally.

12.  On all Causes of Action, against each individual Defendant jointly and severally:

(A) Reimbursement for Plaintiff's attorney fees and costs; and

(B) Such other relief as this Court determines to be appropriate.

BURNS LAW FIRM, PC
420 Mitchell Street, PO Box 488
Clovis, NM 88101 (575) 769-0777

By: /s/ [signed and submitted electronically]
    F. Shaun Burns
    Attorney for Plaintiff

Exhibit D

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF CURRY**
**STATE OF NEW MEXICO**


**RYAN MARTINEZ,**

        **Plaintiff,**

**v.**                              **Case No. D-905-CV-2016-00349**
                                         **Judge: David P. Reeb**


**BALFOUR BEATTY COMMUNITIES,**
**d/b/a GMH MILITARY HOUSING**
**MANAGEMENT, LLC, d/b/a CANNON**
**FAMILY HOMES; DONALD PORTER;**
**UNKNOWN BUSINESS ENTITIES,**
**ASSOCIATIONS, and ORGANIZATIONS,**
**Designated as DOES 1 to 10; and UNKNOWN**
**INDIVIDUALS, Designated as DOES 11 to 20;**

        **Defendants.**


### NOTICE OF NOTICE OF REMOVAL

      Please take notice that on the 4th day of January 2017, Defendant GMH Military Housing

Management LLC d/b/a Balfour Beatty Military Housing Management, LLC ("Defendant or

"Balfour"), incorrectly identified in the Complaint as Balfour Beatty Communities, filed a Notice

of Removal of the above-captioned action in and to the United States District Court, District of

New Mexico, pursuant to 28 U.S.C. Section 1441.  A copy of the Notice without exhibits is

attached hereto as Exhibit A.

1

Exhibit E

Respectfully submitted,

JACKSON LEWIS P.C.


By: */s/Andrea K. Robeda*
      Danny W. Jarrett
      Andrea K. Robeda
4300 San Mateo Blvd. NE, Suite B-260
Albuquerque, NM 87110
 (505) 878-0515
jarrettd@jacksonlewis.com
andrearobeda@jacksonlewis.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2017,
I filed the foregoing Notice of Notice of Removal
through the State of New Mexico's Odyssey File &
Services System and requested service on the following:

      F. Shaun Burns
      BURNS LAW FIRM, PC
      420 Mitchell Street, PO Box 488
      Clovis, NM 88101


*/s/ Andrea K. Robeda*
Andrea K. Robeda

Exhibit E